IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. JONES,

                Plaintiff,

  v.

CRAWFORD COUNTY JAIL, SHERIFF DAVE
MCCULLICK, LIEUTENANT ROSS, DEPUTY NATE,
DEPUTY ALEX, CRAWFORD COUNTRY SHERIFF'S
DEPARTMENT, DEPUTY MARCUS PLOESSEL,                                ORDER
SHIFT SUPERVISOR, PRAIRIE DU CHIEN POLICE
DEPARTMENT, CHIEF OF POLICE, OFFICER JB                          25-cv-349-jdp
HEMMER, OFFICER STRNAD, SHIFT SUPERVSOR,
CROSSING RIVERS HEALTH, ER DOCTOR,
ADVANCED CORRECTIONAL HEALTHCARE, INC.,
DOCTOR ROBERT CORNWELL, JAIL NURSE,
NURSE PRACTITIONER RODRIGUEZ, and JOHN
AND/OR JANE DOE(S),

                Defendants.

---

Plaintiff James A. Jones, who is incarcerated at Redgranite Correctional Institution (RGCI), seeks reconsideration of my order dismissing this case without prejudice for failure to comply with court orders to submit a third amended complaint by October 28, 2025. Dkt. 18; Doc. 20.

Jones cites Federal Rule of Civil Procedure 60(b), but I will evaluate Jones's motion under Rule 59(e) because he filed it within 28 days of my final judgment. To prevail, Jones "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

I take Jones to contend that I committed a manifest error of fact by concluding that he failed to submit the third amended complaint by October 28. Jones explains that he put his third amended complaint in a prison mailbox on October 28, and that he didn't learn that the

third amended complaint hadn't been mailed to the court until he received a copy of my order of dismissal. *See* Dkt. 18 at 1; Dkt. 18-3 at 1–3. Jones suggests that RGCI staff didn't mail his third amended complaint to the court to retaliate against him because he has filed grievances. *See* Dkt. 18 at 1–2.

Jones hasn't shown that I committed a manifest error of fact by concluding that he failed to submit his third amended complaint by October 28. I base this decision on two primary considerations.

First, the court has received all Jones's filings, with the exception of the purported third amended complaint, without incident so far. Jones has been housed at RGCI since mid-May 2025. Before the case was dismissed, the court had received several submissions that Jones had mailed from that prison. *See* Dkt. 9; Dkt. 10; Dkt. 11; Dkt. 14. After dismissal, the court also received Jones's Rule 59(e) motion and supporting documents even though he mailed them in eight separate envelopes. *See* Dkt. 19. The court has consistently received submissions that Jones has mailed from RGCI, so it's highly likely that the court would have received his third amended complaint if he had he put it in the prison mailbox on October 28 as he says. *See Dowdy v. Dodge Corr. Inst.*, 24-cv-198-jdp, Dkt. 11 at 2 (denying Rule 59(e) motion contending that prison didn't send amended pleading to the court, or that pleading was lost in the mail, partly because the court had received several other filings from the prisoner).

Second, as in *Dowdy*, Jones "hasn't provided any records from his prison substantiating his bare assertion that he submitted the [third] amended complaint to prison authorities for mailing on [October 28]." *See id.* The "[third] amended complaint bears [the date of October 28] but, because of the ease of backdating documents, that evidence isn't compelling." *Id.*

2

ORDER

IT IS ORDERED that plaintiff James A. Jones's motion for reconsideration, Dkt. 18, is DENIED.

Entered December 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge